

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Homer D. Eck
County Auditor
Fayette County
La Grange, Texas

Dear Sir:

Opinion No. O-7259

Re: Whether the $5.00 fee provided
for in Article 667-6f, V.A.P.C.,
is to be deposited in the
county's general fund or of-
ficer's salary fund.

We have received your letter of May 29, 1946, which is
quoted as follows:

"I would appreciate you giving me your opinion
on the following questions:

"A fee of $5.00 is required by Statutes to be
collected by the County Clerk for notice given upon
the application of any person desiring to manufacture,
distribute or sell beer, except Branch or Temporary
Linenses. (Sic)

"1. Is this $3.00 fee to be considered a fee
of County Clerk's Office for services performed and
deposited in Officers' Salary Fund?

"2. If the above question is answered in the
negative, what fund shall such fee be deposited in?

"The following statutory provision is pertinent
to the questions: (Sic) Art. 667-6 f, Vernons Anno-
tated Penal Code, it is provided that:

"'Every person making application for an original
license or any class herein provided, except Branch
Licenses and Temporary Licenses, shall be subject at
the time of the hearing thereon to a fee of Five ($5.00)
Dollars, which fee shall by the county clerk, be depos-
ited in the County Treasury and the applicant shall be

Hon. Homer D. Eck - Page 2

liable for no other fees except said application fee
and the annual license fee required of him by this act."

We note that under the provisions of Article 667-6f,
V.A.P.C., the county clerk is designated as the collecting agent
for the county and that no fee is prescribed to the clerk for his
services in collecting and depositing the five ($5.00) dollars
license fee. You are therefore advised that such fee is not the
character of fee that is to be deposited in the Officer's Salary
fund.

The language of the above article provides only for the
deposit of said fees in the County Treasury, and the statute neither
designates the particular county fund into which the fee shall be
deposited nor specifies the purpose for which the county may expend
the accumulated fund when collected and deposited. It seems, how-
ever, that the Legislature intended these fees, by deposit into the
County Treasury, to be available for expenditure by the county for
its general benefit. Thus, in the absence of any specific statu-
tory direction as to the particular purpose for which such fees are
to be expended and the particular fund to which deposited, it is
our opinion that same should be deposited in the general fund of
the county.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Jack K. Ayer
Jack K. Ayer
Assistant

JKA:djm

